2004 OK JUD ETH 2

**JUDICIAL ETHICS OPINION 2004-2.**

**No. 2004-2.**

Oklahoma Judicial Ethics Advisory Panel.

Oct. 27, 2004.

**QUESTION 1:**

May a sitting judge act as a Treasurer of his or her local county bar association, billing and collecting fees and making disbursements for the payment of debts incurred by the association?

**ANSWER:** Yes, with certain restrictions

**DISCUSSION:** Canon 4C(3) provides that a judge may serve as an officer, trustee or non-legal advisor of an organization devoted to the improvement of the law, the legal system or the administration of justice ... not conducted for profit ... Certainly, a county bar association is such an organization as is contemplated by the Canon; however, there are certain limitations among which are C(3)(b)(iv) "should not use or permit the use of the prestige of judicial office for fund raising or membership solicitation." Because membership in a county bar association is purely voluntary and in no manner required of a local attorney, better practice would indicate that membership solicitation for annual or other dues should not come from the judge.

**QUESTION 2:**

May a sitting judge draft and prepare proposed Articles and Bylaws for the County Bar Association Foundation, Inc. which would be incorporated as a 501(c)(3) organization and sign the Articles of Incorporation as a member of the proposed charitable organization, for which no fees would be charged?

**ANSWER:** Yes.

**DISCUSSION:** We have stated in other opinions that not only may a judge engage in activities devoted to the improvement of the law, the legal profession and the administration of justice, but should be encouraged to do so, and be commended for this type of activity so long as such service is not remunerated and does not interfere with the performance of judicial duties.

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary